JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-3209

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RODNEY BONAPARTE AND APRIL TILSON

**DEFENDANTS**
BENSALEM TOWNSHIP, POLICE OFFICER JOHN DOE #1AND#2, WYNDHAM WORLDWIDE CORP., MAHESH PATEL & JULESBUR USA, INC. D/B/A KNIGHT'S INN

**(b)** County of Residence of First Listed Plaintiff    **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    **BUCKS**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ALAN E. DENENBERG, ESQUIRE

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ABRAMSON & DENENBERG, P.C.
1315 WALNUT ST., 12TH FL., PHILA.,PA.
(215) 546-1345

Attorneys *(If Known)*

UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1331&1343
Brief description of cause:
FOURTH AMENDMENT—ILLEGAL ENTRY, EXCESSIVE FORCE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
EXCESS OF $75,000.

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
NONE

JUDGE _____     DOCKET NUMBER _____

DATE   7-18-17

SIGNATURE OF ATTORNEY OF RECORD

JUL 19 2017

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

 

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA** — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __109 EAST DURHAM STREET, PHILA., PA.   19119__

Address of Defendant: __2400 BYBERRY ROAD, BENSALEM, PA.   19020__

Place of Accident, Incident or Transaction: __FEASTERVILLE TREVOSE, PA.   19053__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __ALAN E. DENENBERG__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __7/18/17__   __ALAN E. DENENBERG, ESQ.__   __54161__
Attorney-at-Law   Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JUL 19 2017

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __7/18/17__   __ALAN E. DENENBERG, ESQ.__   __54161__
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RODNEY BONAPARTE AND<br>APRIL KILSON | : | CIVIL ACTION |
| v. | : | 17   3209 |
| BENSALEM TOWNHIP, ET AL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| | | |
|---|---|---|
| 7/18/17 | ALAN E. DENENBERG | Attorney for Plaintiff |
| **Date** | **Attorney-at-law** | |
| (215) 546-1345 | (215) 546-5355 | adenenberg@adlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 19 2017

$400

**ABRAMSON & DENENBERG, P.C.**
**BY: ALAN E. DENENBERG, ESQUIRE**          **ATTORNEY FOR PLAINTIFFS**
**IDENTIFICATION NUMBER: 54161**
**1315 WALNUT STREET, 12TH FLOOR**
**PHILADELPHIA, PA  19107**
**215-546-1345**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **RODNEY BONAPARTE** : | |
| **109 EAST DURHAM STREET** : | **CIVIL ACTION**  **17    3209** |
| **PHILADELPHIA, PA 19119** : | |
| **AND** : | |
| **APRIL KILSON** : | |
| **7116 CRITTENDEN STREET** : | |
| **PHILADELPHIA, PA 19119** : | |
| : | |
| **V.** : | |
| **BENSALEM TOWNSHIP** : | **JURY TRIAL DEMANDED** |
| **2400 BYBERRY ROAD** : | |
| **BENSALEM, PA 19020** : | |
| **AND** : | |
| **POLICE OFFICER JOHN DOE # 1** : | |
| **2400 BYBERRY ROAD** : | |
| **BENSALEM, PA 19020** : | |
| **AND** : | **NO.** |
| **POLICE OFFICER JOHN DOE #2** : | |
| **2400 BYBERRY ROAD** : | |
| **BENSALEM , PA 19020** : | |
| **AND** : | |
| **WYNDHAM WORLDWIDE** : | |
| **CORPORATION d/b/a** : | |
| **KNIGHT'S INN FRANCHISE** : | |
| **SYSTEMS, INC.** : | |
| **22 SYLVAN WAY** : | |
| **PARSIPPANY, NJ 07054** : | |
| **AND** : | |
| **MAHESH PATEL d/b/a** : | |
| **KNIGHT'S INN** : | |
| **2707 LINCOLN HIGHWAY** : | |
| **FEASTERVILLE TREAVOSE, PA 19053**: | |
| **AND** : | |
| **JULESBURG USA, INC. d/b/a** : | |
| **KNIGHT'S INN** : | |
| **2707 LINCOLN HIGHWAY** : | |
| **FEASTERVILLE TREAVOSE, PA 19053**: | |

## COMPLAINT

1. Plaintiff, Rodney Bonaparte, is an individual and adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

2. Plaintiff, April Kilson, is an individual and adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

3. Defendant, Bensalem Township, is a municipal agency organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

4. Defendant, Police Officer John Doe #1, was at all material times a police officer with the Bensalem Police Department.

5. Defendant, Police Officer John Doe #2, was at all material times a police officer with the Bensalem Police Department.

6. Defendant, Wyndham Worldwide Corporation d/b/a Knights Inn Franchise Systems, Inc., is a Delaware Corporation with its headquarters located as captioned.

7. Defendant, Mahesh Patel d/b/a Knight's Inn, is an entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its registered office located as captioned.

8. Defendant Julesburg USA, INC. d/b/a Knight's Inn, is an entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its registered office located as captioned.

9. At all material times, defendant, Bensalem Township, was charged with the responsibility of testing, hiring, training and/or supervising members of the Bensalem Township

2

including in particular, defendants, Police Officer John Doe #1 and Police Officer John Doe #2.

10. At all material times, defendants, Police Officer John Doe #1 and Police Officer John Doe #2, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of the defendant, Bensalem Police Department, and are being sued in their individual capacities.

11. At all material times, defendant, Wyndham Worldwide Corporation d/b/a Knights Inn Franchise Systems, Inc., owns and/or operates Knight's Inn franchises within the State of Pennsylvania.

12. At all material times, defendants, Mahesh Patel and/or Julesburg USA, Inc. d/b/a Knight's Inn, owned and/or operated the Knight's Inn located as captioned above.

13. At all material times, defendants, Mahesh Patel and/or Julesburg USA, Inc. d/b/a Knight's Inn and/or Wyndham Worldwide Corporation d/b/a Knights Inn Franchise Systems, Inc. operated by and through its, agents, servants and/or employees then and there operating within the course and scope of their agency, servanthood and/or employment, and were acting under color of state law, in joint participation with defendants, Police Officer John Doe # 1 and/or Police Officer John Doe.

14. This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and jurisdiction over the state law claims pursuant to the principals of pendant and ancillary jurisdiction.

15. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in Bucks County, Pennsylvania, which is in the Eastern District of Pennsylvania.

3

16. On August 5, 2015 at approximately 7:30 pm, plaintiffs, Rodney Bonaparte and April Kilson, were business invitees staying in a room at the Knight's Inn located at 2707 Lincoln Highway, Feasterville Trevose, PA 19053.

17. At the aforementioned date, time and place, Plaintiff, Rodney Bonaparte heard someone trying to force their way into Plaintiffs' room.

18. Plaintiff, Rodney Bonaparte, heard the commotion and put his clothes on and quickly went to the door to see who was there.

19. Upon opening the door, defendants, Police Officer John Doe #1 and Police Officer John Doe #2, who were dressed in plain clothes with a vest that, said "Police" and without consent, a warrant, exigent circumstances or probable cause forced their way into the Plaintiffs' room.

20. Immediately after illegally entering the Plaintiffs' room, without issuing any verbal commands, and without provocation or legal cause, defendant, Police Officer John Doe # 1 and/ or Police Officer John Doe # 2, suddenly and with great force punched Plaintiff, Rodney Bonaparte, in the stomach and stated "what the fuck you doing here".

21. In response, Plaintiff, Rodney Bonaparte, put his hands up.

22. After the Plaintiff, Rodney Bonaparte put his hands up in total submission, again without issuing a verbal command, and without provocation or legal cause, defendant, Police Officer John Doe # 1 and/or Police Officer John Doe # 2, punched the Plaintiff in the chest with such force that Plaintiff, Rodney Bonaparte, fell onto the bed.

23. Defendants, Police Officer John Doe # 1 and/or Police Officer John Doe # 2, then pointed their weapon at the Plaintiff, Rodney Bonaparte, causing him to be in imminent fear for his life.

4

24. Defendant, Police Officer John Doe # 1 and/or Police Officer John Doe # 2, then pointed their weapon at the Plaintiff, April Kilson, causing her to be in imminent fear for her life.

25. Plaintiff, Rodney Bonaparte, then stated to the Defendants, Police Officer John Doe # 1 and/or Police Officer John Doe # 2 "Don't shoot me. My uncle's a cop".

26. Defendant, Police Officer John Doe # 1 and/or Police Officer John Doe # 2, then stated "Oh shit, we got the wrong room" and abruptly left.

27. After they left Plaintiffs' room, Plaintiff, April Kilson, heard Defendants Police Officers John Doe # 1 and John Doe # 2 randomly attempting to enter other rooms at the Knights Inn.

28. Plaintiff, Rodney Bonaparte, was not resisting arrest and was otherwise compliant and submissive, and the use of force against him was unreasonable under the circumstances in violation of the Plaintiff's rights under the Fourth Amendment.

29. Plaintiff, April Kilson, was not resisting arrest and was otherwise compliant and submissive, and the use of force against her was unreasonable under the circumstances in violation of the Plaintiff's rights under the Fourth Amendment.

30. Defendants, Police Officers John Doe # 1 and John Doe # 2 entered the Plaintiffs' room without consent, a warrant, exigent circumstances or probable cause in violation of their right to be free from illegal entry's under the Fourth Amendment of the United States Constitution

31. At all material times, the defendant, Mahesh Patel and  Julesburg USA, Inc d/b/a Knight's Inn, and/or Wyndham Worldwide Corporation d/b/a Knights Inn Franchise Systems, Inc. by and through its, agents, servants and/or employees then and there operating within the course and scope of their agency, servanthood and/or employment, acted in joint participation with defendants, Police Officers John Doe # 1 and John Doe #

2, and under color of state law, by facilitating the entry into the Plaintiffs' room, and giving Defendants their consent, authorization, cooperation and/or agreement to illegally enter the Plaintiffs' room in violation of the Plaintiffs' rights under the Fourth Amendment.

32. The foregoing conduct of the defendants, Bensalem Township, Police Officer John Doe # 1, Police Officer John Doe # 2, Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, and/or Mahesh Patel and Julesburg USA, Inc. d/b/a Knight's Inn, was undertaken as part of a concerted effort and conspiracy to deprive Plaintiffs, Rodney Bonaparte and April Kilson of their rights under the Fourth Amendment.

33. The acts of the defendants, Bensalem Township, Police Officer John Doe # 1, Police Officer John Doe # 2, Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, and/or Mahesh Patel and Julesburg USA, Inc. d/b/a Knight's Inn, were committed recklessly, wantonly, maliciously, intentionally, outrageously and/or deliberately without just or probable cause or any other legal justification.

34. As a direct and proximate result of the aforementioned actions of the defendants, Bensalem Township, Police Officer John Doe #  1, Police Officer John Doe #  2, Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, and/or Mahesh Patel and Julesburg USA, Inc. d/b/a Knight's Inn, plaintiff, Rodney Bonaparte, suffered injuries including but not limited to: bruises to his stomach and chest, lower back pain and stiffness of his spine.

35. As a direct and proximate result of the aforementioned actions of the defendants, Bensalem Township, Police Officer John Doe # 1, Police Officer John Doe # 2, Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, and/or

Mahesh Patel and Julesburg USA, Inc. d/b/a Knight's Inn, plaintiff, April Kilson, suffered injuries including but not limited to: emotional distress.

36. As a direct and proximate result of the aforementioned actions of the defendants, Bensalem Township, Police Officer John Doe # 1, Police Officer John Doe # 2, Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, and/or Mahesh Patel and Julesburg USA, Inc. d/b/a Knight's Inn, plaintiffs, Rodney Bonaparte and April Kilson, were forced to receive and undergo medical care and treatment and have been obliged to and may continue to expend various sums of money and to incur various expenditures for medical expenses for an indefinite period of time in the future, to their great detriment and loss.

37. As a direct and proximate result of the aforementioned actions of the defendants, Bensalem Township, Police Officer John Doe # 1, Police Officer John Doe # 2, Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, and/or Mahesh Patel and Julesburg USA, Inc. d/b/a Knight's Inn, plaintiffs, Rodney Bonaparte and April Kilson, have and may hereafter incur other financial expenses and losses.

### COUNT I- 42 U.S.C. §1983
### FOURTH AMENDMENT-- ILLEGAL ENTRY
### RODNEY BONAPARTE AND APRIL KILSON v. POLICE OFFICER JOHN DOE # 1 AND POLICE OFFICER JOHN DOE# 2

38. Paragraphs 1-37 are incorporated herein by reference, as though each were fully set forth herein at length.

39. As aforesaid, defendants, Police Officer John Doe # 1 and/or Police Officer John Doe # 2, acting within the course and scope of their employment, under color of state law and pursuant to the customs, policies, and practices of the defendant Bensalem Township, and the Bensalem Township Police Department, did deprive the Plaintiffs of their rights to be

7

free from illegal entries, without consent, a warrant, exigent circumstances, probable cause or any other legal justification, in violation of the Plaintiffs' rights under the Fourth Amendment, as incorporated and applied to the States through the Fourteenth Amendment of the Constitution of the United States.

40. As a direct and proximate result of the intentional, malicious and/or reckless actions of the defendants, Police Officer John Doe # 1 and/ or Police Officer John Doe # 2, the Plaintiffs suffered damages, as described above.

41. The actions of the defendants, Police Officer John Doe # 1 and/or Police Officer John Doe # 2, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiffs' rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiffs, Rodney Bonaparte and April Kilson, demand compensatory and punitive damages against defendants, Police Officer John Doe # 1 and Police Officer John Doe # 2, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiffs and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

## COUNT II- 42 U.S.C. §1983
### EXCESSIVE FORCE/ FOURTH AMENDMENT
### RODNEY BONAPARTE AND APRIL KILSON v. POLICE OFFICER JOHN DOE # 1 AND POLICE OFFICER JOHN DOE # 2

42. Paragraphs 1-41 are incorporated herein by reference, as though each were fully set forth herein at length.

43. As aforesaid, defendants, Police Officer John Doe # 1 and/or Police Officer John Doe # 2, acting within their course and scope of employment, under the color of state law and pursuant to the customs, policies and/or practices of the defendant, Bensalem Township

8

and the Bensalem Township Police Department, deprived Plaintiffs, Rodney Bonaparte and April Kilson, of their rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from excessive use of force and unlawful seizure which violated the Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and the Laws of the United States.

44. As detailed above, defendants, Police Officer John Doe # 1 and/or Police Officer John Doe # 2, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of the defendant, Bensalem Township and the Bensalem Township Police Department, by their actions, intentionally, recklessly and/or maliciously assaulted and battered Plaintiffs Rodney Bonaparte and April Kilson.

45. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Police Officer John Doe # 1 and/or Police Officer John Doe # 2, the Plaintiffs, Rodney Bonaparte and April Kilson, suffered injuries that are described more fully above.

46. The above described actions of the defendants, Police Officer John Doe # 1 and/or Police Officer John Doe # 2, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiffs' rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiffs, Rodney Bonaparte and April Kilson, demand compensatory and punitive damages against defendants, Police Officer John Doe # 1 and Police Officer John Doe # 2, for an amount sufficient to fairly and adequately compensate the Plaintiffs, along with interest, costs, attorney's fees and other appropriate relief.

## COUNT III- 42 U.S.C. §1983

9

**CONSPIRACY**
**RODNEY BONAPARTE AND APRIL KILSON v. POLICE OFFICER JOHN DOE # 1 AND**
**POLICE OFFICER JOHN DOE # 2**

47. Paragraphs 1-46 are incorporated herein by reference, as though each were fully set forth herein at length.

48. As aforesaid, the defendants, Police Officer John Doe # 1 and Police Officer John Doe # 2, entered into a conspiracy to illegally enter the hotel room, unlawfully seize the Plaintiffs, subject them to excessive force and deny their rights under the Fourth Amendment.

49. Defendants, Police Officer John Doe # 1 and Police Officer John Doe # 2, took concerted acts in furtherance of that conspiracy, including entering into an agreement to enter the Plaintiffs' room without consent, a warrant, exigent circumstances or probable cause.

50. Defendants, Police Officer John Doe # 1 and Police Officer John Doe # 2, took concerted acts in furtherance of that conspiracy by attempting to "manufacture" a legal basis to enter the Plaintiffs' room, when none existed.

51. Defendants, Police Officer John Doe # 1 and Police Officer John Doe # 2, performed concerted, overt acts in furtherance of their conspiracy to violate the Plaintiff's Fourth Amendment rights, and were acting in accordance with an agreement or meeting of the minds between and among them.

52. As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants, Police Officer John Doe # 1 and Police Officer John Doe # 2, the Plaintiff suffered injuries, which are described above.

53. The aforesaid actions of defendants, Police Officer John Doe # 1 and Police Officer John Doe # 2, in their individual capacities were so malicious, intentional and/or reckless and

10

displayed such a reckless indifference to the plaintiffs' rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiffs, Rodney Bonaparte and April Kilson, demand compensatory and punitive damages against defendants, Police Officer John Doe # 1 and Police Officer John Doe # 2, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

**COUNT IV- 42 U.S.C. 1983**
**JOINT PARTICIPATION/ CONSPIRACY**
**RODNEY BONAPARTE AND APRIL KILSON v.  MAHESH PATEL D/B/A KNIGHT'S INN AND JULESBURG USA, INC, D/B/A KNIGHT'S INN AND WYNDHAM WORLDWIDE CORPORATION D/B/A KNIGHT'S INN FRANCHISE SYSTEMS, INC. AND POLICE OFFICER JOHN DOE # 1 AND POLICE OFFICER JOHN DOE # 2**

54. Paragraphs 1-53 are incorporated herein by reference, as though each were fully set forth herein at length.

55. As aforesaid, the defendants, Mahesh Patel d/b/a Knight's Inn and Julesburg USA, Inc. d/b/a Knight's Inn, and/or Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, acting in joint participation with defendants, Police Officers John Doe # 1 and # 2, gave their consent, authorization, cooperation and/or agreement to the aforementioned defendants, and facilitated their illegal entry into Plaintiffs' room at the Knight's Inn at 1 Lincoln Highway, Feasterville Treavose, Pennsylvania, 19053.

56. All defendants knew that there was no consent, warrant, exigent circumstances or probable cause that would allow defendants Police Officers John Doe # 1 and # 2 to legally enter the Plaintiffs' room, but nonetheless took concerted acts in furtherance of that conspiracy to allow the illegal entry into the room, including, but not limited to, defendants Mahesh Patel and Julesburg USA, Inc d/b/a Knight's Inn and/or Wyndham

11

Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc expressly authorizing and consenting to the illegal entry, and then facilitating defendants Police Officers John Doe # 1 and # 2 efforts to illegally enter the room.

57. As a direct and proximate result, the plaintiffs, Rodney Bonaparte and April Kilson, were deprived of their right to be free from illegal entries in violation of the Plaintiffs' rights under the Fourth Amendment, as incorporated and applied to the States through the Fourteenth Amendment of the Constitution of the United States.

**WHEREFORE**, Plaintiffs, Rodney Bonaparte and April Kilson, demand compensatory and punitive damages against defendants, Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, and Mahesh Patel d/b/a Knight's Inn, and Julesburg USA, Inc. d/b/a Knight's Inn, and Police Officer John Doe # 1, Police Officer John Doe # 2, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

**COUNT V- 42 U.S.C. § 1983**
**MONELL CLAIM / UNCONSTITUTIONAL CUSTOM, POLICY AND PRACTICE**
**RODNEY BONAPARTE AND APRIL KILSON V. BENSALEM TOWNSHIP**

58. Paragraphs 1-57 are incorporated herein by reference, as though each were fully set forth herein at length.

59. Plaintiffs believe and therefore aver that the defendant, Bensalem Township and Bensalem Township Police Department, has adopted and maintained for many years a recognized and accepted custom and/or practice of systematically allowing and/or encouraging the intentional and/or reckless illegal entry, false arrest, unlawful seizure, and excessive force of suspects, and subjecting individuals to the same type of treatment

to which plaintiff was subjected, including excessive force, which custom and/or practice

violates the Fourth Amendment of the Constitution of the United States.

60. Plaintiffs believe and therefore aver, that at the time they were subjected to an illegal

entry, unlawful seizure and excessive force, the defendant, Bensalem Township, knew or

should have known of the aforesaid-described custom and/or practice of the Bensalem

Township Police Department based upon the prior lawsuit of Vernon Coates, Et. Al vs.

Bensalem Twsp. Et. Al. Civ. Action No. 03-920,  and it deliberately, knowingly and/or

recklessly failed to take measures to stop or limit the custom and/or practice, including,

inter alia, providing proper training, supervision, discipline and control of the officers,

agents and/or employees of the Bensalem Township Police Department.

61. By failing to take action to stop or limit the aforesaid custom and/or practice, and by

remaining deliberately indifferent to the systematic abuses which occurred in accordance

with and as a direct and proximate result of the custom and/or practice, defendant,

Bensalem Township, condoned, acquiesced in, participated in and perpetrated the custom

and/or practice, in violation of the Plaintiffs' rights under the Fourth Amendment of the

Constitution of the United States.

62. As a direct and proximate result of the malicious, intentional and/or reckless actions of

the defendant, Bensalem Township, the Plaintiffs suffered injuries that are described

above.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Rodney Bonaparte and

April Kilson, demand compensatory damages against defendant, Bensalem Township, in an

amount sufficient to fairly and adequately compensate the Plaintiffs, along with interest, costs,

attorney's fees and other appropriate relief.

13

## COUNT VI- STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## RODNEY BONAPARTE AND APRIL KILSON v. POLICE OFFICER JOHN DOE 1, POLICE OFFICER JOHN DOE 2, WYNDHAM WORLDWIDECORPORATION d/b/a KNIGHT'S INN FRANCHISE SYSTEMS, INC. AND MAHESH PATEL d/b/a JULESBURG USA, INC. d/b/a KNIGHT'S INN

63. Paragraphs 1-62 are incorporated herein by reference, as though each were fully set forth herein at length.

64. As aforesaid, the intentional and/or reckless conduct of defendants, Police Officer John Doe # 1, Police Officer John Doe # 2, Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, Mahesh Patel d/b/a Knight's Inn, and/or Julesburg USA, Inc. d/b/a Knight's Inn was extreme and outrageous and without just or probable cause or any other legal justification.

65. As a direct and proximate result of the aforementioned actions of the defendants, Police Officer John Doe # 1, Police Officer John Doe # 2, Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, and/or Mahesh Patel d/b/a Knight's Inn, and/or Julesburg USA, Inc. d/b/a Knight's Inn, Plaintiffs, Rodney Bonaparte and April Kilson, suffered severe emotional distress.

**WHEREFORE**, Plaintiffs, Rodney Bonaparte and April Kilson, demand compensatory and punitive damages against defendants, Police Officer John Doe # 1, Police Officer John Doe # 2, Wyndham Worldwide Corporation d/b/a Knight's Inn Franchise Systems, Inc, and/or Mahesh Patel d/b/a Knight's Inn, and/or Julesburg USA, Inc. d/b/a Knight's Inn, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

14

ABRAMSON & DENENBERG, P.C.

BY: _____
        ALAN E. DENENBERG, ESQ.
        ATTORNEY FOR PLAINTIFFS